# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4472 | **DATE** | 10/29/2002 |
| **CASE TITLE** | Lewis vs. People of the State of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/13/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 9-1) to dismiss the petition for writ of habeas corpus. The merits of the petition remain to be adjudicated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 3 0 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | CW | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT  courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN EDWARD LEWIS,            )
                                 )
           Plaintiff,            )
                                 )
    vs.                          )    02 C 4472
                                 )
PEOPLE OF THE STATE OF ILLINOIS, )
                                 )
           Defendant.            )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the People of the State of Illinois' (the "State") motion to dismiss Stephen Lewis's petition for writ of habeas corpus. For the reasons set forth below we deny the motion.

**BACKGROUND**

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the petition as true and draw all reasonable inferences in a light most favorable to Mr. Lewis. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). On June 26, 2000, Mr. Lewis pled guilty in Cook County Court to sexual exploitation of a child, a Class A misdemeanor in Illinois. The acts constituting the offense occurred on October 14, 1995. In exchange for his plea and

his agreement to register as a sex offender, the State dropped two counts of aggravated criminal sexual abuse. Mr. Lewis, after spending over four years in prison, was required to serve two years of probation and register as a sex offender for ten years pursuant to Illinois's Sex Offender Registration Act, 730 ILCS 150/1 *et seq*. While still on probation, he filed the present petition for writ of habeas corpus on June 24, 2002. He is no longer on probation. The State moves to dismiss the petition on mootness grounds because Mr. Lewis is no longer serving a sentence. Mr. Lewis avers, and the State concedes, that he has properly exhausted his state remedies prior to bringing this petition.

## LEGAL STANDARD

Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss claims over which the federal court lacks subject matter jurisdiction. With these legal principles in mind, the court turns to the instant motion.

## DISCUSSION

The State moves to dismiss the petition on the grounds that Mr. Lewis is no longer in custody. Mr. Lewis invokes the jurisdiction of this court under 28 U.S.C. § 2254(a), which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). Mr. Lewis correctly points out that the "in custody" requirement of 28 U.S.C. § 2254 only applies "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, the fact that Mr. Lewis is no longer in prison or on probation is immaterial to the application of 28 U.S.C. § 2254.

Notwithstanding the statute's purported conferral of jurisdiction, Mr. Lewis's petition must still present a case or controversy as required by Section 2 of Article III of the Constitution. *See* U.S. Const. Art. III, § 2. Even though a petitioner's sentence (prison, parole, or probation) has expired, ongoing "collateral consequences" of his conviction may be adequate to satisfy Article III's case or controversy requirement. *Spencer*, 523 U.S. at 7-8. Typically, we will presume the existence of ongoing collateral consequences. *Id.* at 7-13. Even absent this presumption, we find that Mr. Lewis alleges sufficient actual and ongoing consequences of his conviction. Specifically, he complains of having to comply, through affirmative acts, with the Sex Offender Registration Act and of having his status as a former sex offender continuously and widely disseminated to the public.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss the petition for writ of habeas corpus. The merits of the petition remain to be adjudicated.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 29, 2002