JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4472 | **DATE** | 1/17/2003 |
| **CASE TITLE** | Lewis vs. People of the State of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the petition for writ of habeas corpus.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 21 2003 date docketed | |
| | Notified counsel by telephone. | | | 18 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 03 JAN 17 AM 9:35 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN EDWARD LEWIS,            )
                                 )
                     Plaintiff,  )
                                 )
        vs.                      )    02 C 4472
                                 )
PEOPLE OF THE STATE OF ILLINOIS, )
                                 )
                     Defendant.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Stephen Lewis's petition for writ of habeas corpus. For the reasons set forth below we deny relief.

## BACKGROUND

On June 26, 2000, Lewis pled guilty in Cook County Court to sexual exploitation of a child, a Class A misdemeanor in Illinois. The acts constituting the offense occurred on October 14, 1995. In exchange for his plea and his agreement to register as a sex offender, the Respondent People of the State of Illinois (the "State") dropped two counts of aggravated criminal sexual abuse. Lewis, after spending over four years in prison, was required to serve two years of probation and register as a sex offender for ten years pursuant to Illinois's Sex Offender Registration Act (the

"Registration Act"), 730 Ill. Comp. Stat. 150/1 *et seq.* While still on probation and, therefore, in custody, he filed the present petition for writ of habeas corpus on June 24, 2002. He is no longer on probation but he must continue to register as a sex offender for the next several years. The State moved to dismiss the petition on mootness and jurisdictional grounds because Lewis was no longer in custody. We denied the motion to dismiss because the habeas statute (28 U.S.C. § 2254) only requires the petitioner to be in custody at the time he files his petition and because the Constitutional requirement for case or controversy was satisfied by the ongoing collateral consequences of having to register as a sex offender. Lewis has properly exhausted his state remedies prior to bringing this petition. Thus, we now address the merits of the petition.

## LEGAL STANDARD

Lewis must demonstrate that the adverse state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 379 (2000).

## DISCUSSION

Lewis petitions this court on three grounds: (1) the Registration Act violates federal and state prohibitions on ex post facto laws; (2) the Registration Act violates

his right to privacy under the U.S. and Illinois Constitutions; and (3) the Registration Act violates the Constitution[1] because the punishment for not complying with it is cruel and unusual. We will not review Lewis's arguments that the Registration Act violates the Illinois Constitution. The federal habeas statute is only concerned with violations of federal law. *See* 28 U.S.C. § 2254(a) (Federal courts are directed to entertain habeas petitions "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties *of the United States*.") (emphasis added). Moreover, it generally is not our place to review a state court's interpretation of its own constitution. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

As an initial matter, we note that Lewis has utterly failed to cite any precedent that demonstrates that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal Constitutional law as determined by the Supreme Court of the United States. In his reply, Lewis does cite five Supreme Court cases that held registration statutes unconstitutional, but his reliance on them is misplaced. Lewis cites *Albertson v. Subversive Activities Control Bd.*, 382 U.S. 70 (1965), *Leary v. United States*, 395 U.S. 6 (1969), *United States v.*

---

[1] All references to "Constitution" refer to the U.S. Constitution unless otherwise specified.

*Covington*, 395 U.S. 57 (1969), *Grosso v. United States*, 390 U.S. 62 (1968), and *Marchetti v. United States*, 390 U.S. 39 (1968), which found certain statutes requiring registration unconstitutional because they violated the privilege against self-incrimination. All of these cases are inapposite because they deal with the Fifth Amendment privilege against self-incrimination, not the Ex Post Facto clause. To the extent that Lewis now claims the Registration Act violates the privilege against self-incrimination, he loses because he failed to exhaust his state remedies on this issue, because he improperly raised this issue for the first time in his reply brief (and it does not rebut anything in the State's answer brief), and because the argument is without merit. The Registration Act does not require unknown sex offenders to come forward and admit their wrongdoing. It only requires those already convicted to provide personal information so the public can be made aware of their presence.

While the State has no burden of persuasion in this proceeding, it too appears to have lost sight of the applicable standard. Instead of focusing on the issue (whether the Registration Act violates the Constitution as clearly interpreted by the Supreme Court), the State simply requests this court to adopt the holding in state court. Additionally, the State improperly re-argues that Lewis's claims are non-cognizable. In our earlier decision, denying the State's motion to dismiss Lewis's habeas petition,

we definitively held that we had statutory and Constitutional jurisdiction over the petition.

Although he now challenges the State's authority to force his registration, Lewis specifically agreed to register as a sex offender pursuant to his plea bargain which resulted in two counts of aggravated sexual abuse charges against him being dropped. *See* Lewis Petition at 11 (admitting that "[a]s part of the agreement, [he] was to register as a sex offender"). Thus, even if the Registration Act is unconstitutional as Lewis contends, he would still be obligated to register under the terms of his plea bargain.

## I. Ex Post Facto Clause

The Constitution prohibits ex post facto laws. U.S. Const. art. I § 10, cl. 1 ("No State shall . . . pass any . . . ex post facto law"). This prohibition applies to the states as well as to the federal government. *Dobbert v. Florida*, 432 U.S. 282, 308 n.8 (1977) ("Unlike the procedural guarantees in the Bill of Rights which originally were applicable only to the Federal Government, the Ex Post Facto Clause has always applied to the States."). Lewis contends that the Registration Act violates the Ex Post Facto clause in three ways: (1) the Illinois statute only requires registration if the sex offense occurred on or after January 1, 1996, and he committed his sex offense on October 14, 1995; (2) the Illinois statute did not become effective until July 1, 1999–well after the committed offense; and (3) in 2001, the registration rules changed

resulting in his having to provide the additional information as to where he is employed.

Lewis's first argument is erroneous as it based on a misreading of the Registration Act. The version of the statute that was on the books at the time of his conviction on June 26, 2000, requires registration by those *convicted* of a sex offense after July 1, 1999. 730 Ill. Comp. Stat. 150/2 (1999). Although he committed the offense in 1995, he was not convicted for it until after July 1, 1999. Thus, the statute as written was properly applied to Lewis.

The question remains, however, whether the statute as written violates the Ex Post Facto clause for imposing additional punishment for a crime committed prior to the effective date of the Registration Act. While it appears that the Registration Act has a long history of revisions, the State does not argue that an earlier applicable version was already on the books when Lewis committed the crime of exploitation of a child in October 1995. Instead, the State argues that the Ex Post Facto clause does not apply to the Registration Act because the Act does not impose any punishment. *See Sequoia Books, Inc. v. Ingemunson*, 901 F.2d 630, 639 (7th Cir. 1990) (if statutory provisions are not penal legislation, "they do not fall within the protection of the rule against *ex post facto* law-making"). The Supreme Court has yet to determine whether any state's sex offender registration statute is punitive and therefore limited to post-

enactment sex offenders by the Ex Post Facto clause. Last year, the Supreme Court granted certiorari to review this very issue with respect to Alaska's sex offender registration act (Alaska Stat. §§ 12.63.010 - 12.63.100), which is somewhat similar to Illinois's Registration Act. *Doe I v. Otte*, 259 F.3d 979 (9th Cir. 2001), *cert. granted*, 435 U.S. 1126 (2002). The Supreme Court, however, has yet to issue a ruling. Furthermore, Lewis does not cite, and we cannot locate, any Supreme Court precedent that is on point and favorable to Lewis's position. Thus, he has failed to meet his burden in demonstrating that the adverse state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 379 (2000). Even were we to address Lewis' ex post facto argument under the normal legal standard of precedent (and not the limited habeas standard), we would reject his claim. While not expressly addressing an ex post facto argument with respect to Illinois' Registration Act, this court has nonetheless implicitly rejected the argument. *U.S. v. Barberg*, 2001 WL 1593149, *2 (N.D. Ill. Dec. 12, 2001) (enforcing Illinois's Registration Act against a defendant despite specifically noting that it was "retroactive, and required sex offenders convicted of their crimes prior to [the effective date of the statute] to register."). The Registration Act does not violate the Ex Post Facto clause of the Constitution.

## II. Right to Privacy

Lewis argues that having his place of employment and residence broadly disseminated to the public pursuant to the Registration Act violates his right to privacy. His entire argument consists of the following brief paragraph:

> Like the requirement that he list his place of work, the requirement that Lewis list his home address amounts to broad dissemination of his home address. Thus, the notification law violates his right privacy under the federal constitution as described in the [state] appellate brief which he has adopted for purposes of this action.

Lewis Petition at 14. Lewis cannot rely on arguments not presented to this court. Even if he had placed his Illinois Appellate brief before us, he could not incorporate it by reference because he would exceed the fifteen-page limit for legal briefs. *See* Local Rule 7.1.

Far from relying on clear Supreme Court precedent, Lewis simply sets forth his own legal conclusion that the Registration Act violates his Constitutional right to privacy and asks us to adopt his view. Such a position is inappropriate in seeking relief pursuant to 28 U.S.C. § 2254. Furthermore, our independent legal research only hurts Lewis's position. We are unable to locate any Supreme Court case on point. The few Courts of Appeals that have addressed the issue have rejected sex offenders' privacy claims. *See Cutshall v. Sundquist,* 193 F.3d 466, 481 (6th Cir. 1999) (sex offender does not have Constitutional right of privacy in keeping his residence from being

disclosed); *Paul P. v. Verniero*, 170 F.3d 396, 404 (3rd Cir. 1999) (because state's interest in preventing future sex offenses is compelling, the state can disclose sex offenders' addresses even if a fundamental right of privacy is implicated); *Russell v. Gregoire*, 124 F.3d 1079, 1094 (9th Cir. 1997) (sex offender notification statute does not violate right to privacy). The Registration Act does not violate a fundamental privacy right.

### III. Cruel and Unusual Punishment

Lewis contends that the Registration Act violates the Cruel and Unusual Punishment clause of the Eighth Amendment to the Constitution as applied to Illinois pursuant to the Fourteenth Amendment. Lewis never raised this issue in state court. *See* Lewis Petition at 8-9. Nevertheless, we have jurisdiction to rule against Lewis on this issue. 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Lewis notes that the maximum punishment for failing to register under the Registration Act exceeds the maximum punishment for sexually exploiting a child–which crime is the basis for Lewis having to register. Without citing any case law in support, Lewis concludes that this is a violation of the Cruel and Unusual Punishment clause. The Cruel and Unusual clause prohibits punishment that is

disproportionately large relative to the offense committed. *Atkins v. Virginia*, 122 S. Ct. 2242, 2246-47 (2002). Lewis's argument appears to be based on the false belief that the proportionality requirement of the Cruel and Unusual clause requires the punishment for not registering to be proportionate to the original offense which serves as the basis for mandatory registration in the first place. There is no legal basis for this argument. The Registration Act does not violate the Cruel and Unusual Punishment clause of the Eighth Amendment.

## CONCLUSION

Based on the foregoing analysis, we deny the petition for writ of habeas corpus.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 17 2003